UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 11-18-HRW

WALTER JOSEPH GILBERT,                                PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on March 14, 2008, alleging disability beginning on December 17, 2007, due to a heart attack with resulting heart disease and diabetes (Tr. 100). This application was denied initially and on reconsideration (Tr. 59-62, 66-68).

On July 23, 2009, an administrative hearing was conducted by Administrative Law Judge George L. Evans, III (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 13, 2009, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 12-20).

Plaintiff was 45 years old at the time of the hearing decision. He has a high school education and past relevant work experience as a laborer, janitor and warehouse worker (Tr. 105, 86-90).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application (Tr.14).

The ALJ then determined, at Step 2, that Plaintiff suffers from coronary artery disease, which he found to be "severe" within the meaning of the Regulations (Tr. 14).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 18) but determined that he has the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. 416.967(a) (Tr. 16-18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on December 24, 2010 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10, 13 and 14] and this matter is ripe for decision.

## III. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

4

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erroneously concluded that Plaintiff's borderline intellectual functioning is not a severe impairment and (2) the ALJ improperly assessed his Residual Functional Capacity.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ erroneously concluded that Plaintiff's borderline intellectual functioning is not a severe impairment.

An impairment is deemed "severe" if it significantly limits a claimant's physical or mental abilities to do basic work activities. *See* 20 C.F.R. § 416.920(c); *see also* 20 C.F.R. § 416.921(a) (defining a non-severe impairment).

In addition, a severe impairment must last for a continuous period of at least twelve months. *See* 42 U.S.C.§1382c(a)(3)(A); 20 C.F.R. §§ 416.905(a), 416.909, 416.920(c).

The Court is mindful of the fact that the Step 2 severity regulation has been construed as a *de minimus* hurdle and that, in the majority of cases, "a claim for

5

disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement is still recognized as a device with which to screen "totally groundless" claims on the basis of the medical evidence alone. *Id.* at 863. Further, the burden is upon Plaintiff to present evidence with regard to the severity of his impairment.

In this case, the record simply does not support a finding of severity with regard to Plaintiff's intellectual functioning. For example, in an October 2009 consultative psychological evaluation by Timothy Baggs, Psy.D., he found only mild limitations in Plaintiff's ability to understand, remember, and carry out complex instructions, make judgments on complex work-related decisions (Tr. 311-24). Dr. Baggs also noted that Plaintiff could not articulate any symptoms of psychological distress, reported having had no psychiatric hospitalizations or mental health treatment, reported no history of substance abuse, and reported never being arrested or being convicted of a crime (Tr. 316-17). Although he concluded that Plaintiff had borderline intellectual functioning, he did not opine that this would have interfered with his ability to perform basic mental work activities.

Mild findings are reiterated in the report of the state agency consultant, Lea

6

Perrit, Ph.D. (Tr. 230-43). She reviewed Plaintiff's medical records and determined Plaintiff did not have a medically determinable mental impairment (Tr. 230-43).

In addition to the medical evidence, the testimony pertaining to Plaintiff's activities also did not indicate that his mental condition significantly interfered with his ability to work. Plaintiff stated he cooked, cleaned, did laundry, shopped, had a driver's license and drove himself, took care of his grooming and personal hygiene, and attended church regularly (Tr. 319-20). This testimony belies an allegation of limitation in one's abilities to perform work-related activity.

Plaintiff does not offer any evidence which would support a finding that his borderline intellectual functioning significantly limits his physical or mental abilities to do basic work activities. As such, his argument as to Step 2 is without merit.

Plaintiff's second claim of error is that the ALJ improperly assessed his Residual Functional Capacity. However, a review of the record reveals that substantial medical evidence submitted supports the ALJ's RFC. Further, after properly assessing Plaintiff's RFC for a full range of sedentary work, the ALJ found that Plaintiff could not perform his past relevant work. The ALJ then had to

7

determine if Plaintiff could perform other work, which is defined as jobs that exist in significant numbers in the national economy. See 20 C.F.R. §§ 416.920(f), 416.960(c). The ALJ looked to the Medical-Vocational Guidelines (the Grids) to determine that Plaintiff could do other work. Plaintiff has not shown that he had non-exertional limitations on his ability to work that would have precluded the use of the Grids.

Plaintiff cites *Adkins v. Commissioner of Social Security*, 251 Fed. Appx. 346 (6th Cir. 2007), for the assertion that his borderline intellectual functioning precludes the use

of the Grids. *Adkins* is not persuasive here. In *Adkins* the ALJ determined that Plaintiff's borderline intellectual functioning was a severe impairment. In the case at hand, the ALJ determined under all the facts, that Plaintiff's borderline intellectual functioning was not a severe impairment (Tr. 14-16). Thus, the Court finds that the ALJ's use of the Grids was proper.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant

8

will be entered contemporaneously herewith.

This 5th day of March, 2012.



Henry R. Wilhoit, Jr., Senior Judge